UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Fesse Lee Laney, | ) C/A No. 4:11-3487-JMC-TER |
| Plaintiff, | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| South Carolina Department of Corrections; Jon E. Ozmint, Director of S.C.D.C.; Rosmyron Pendarvis, L.P.N.; and Larry Estes, S.C.D.C. Investigator, | ) |
| Defendants. | ) |

The plaintiff, Fesse Lee Laney ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Georgia State Prison, a prison facility of the Georgia Department of Corrections, and brings this action against the South Carolina Department of Corrections ("SCDC") and SCDC officers and employees. The incidents that form the basis of the Complaint occurred while Plaintiff was an inmate of the SCDC. The Complaint seeks monetary damages for alleged violation of state laws and deprivation of constitutional rights. Having reviewed the Complaint in accordance with applicable law, the undersigned recommends that it be summarily dismissed because it fails to state a claim on which relief may be granted.

*Pro Se* and *In Forma Pauperis* Review

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows

---

1 Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."[2] 28 U.S.C. § 1915(e)(2)(B). The same standard is applied in screening prisoner pleadings pursuant to 28 U.S.C. § 1915A, which requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), by holding them to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (*per curiam*). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Cruz v. Beto*, 405 U.S. 319 (1972). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Background

The Complaint contains a string of legal phrases and jumbled facts, so it is difficult to discern exactly what claims Plaintiff seeks to assert in this action, and what exactly the Defendants are alleged to have done. Plaintiff appears to allege that in March 2004 Defendant Pendarvis, "while on duty at (KCI) Kirkland Corr. Inst. Infirmary," conspired with two other inmates to accuse Plaintiff of some wrongdoing, possibly sexual in nature. ECF No. 1 at 3, 7. Apparently Plaintiff took a polygraph exam which "cleared Plaintiff," but he seeks to have the two other inmates take

---

2 Screening of prisoner pleadings against government defendants pursuant to 28 U.S.C. § 1915A(a) is subject to the same standard.

a polygraph test. *Id.* at 2, 3. Plaintiff alleges that as a part of the conspiracy, which then included Defendant Estes, an investigator with SCDC, Plaintiff was transferred to Broad River Correctional Institution and placed in the "AIDS SMU dorm," where the "showers had fresh blood in them." *Id.* at 4, 5, 7. Plaintiff also alleges that in April 2004 the conspiracy resulted in his transfer to Allendale Correctional Institution, where he was incorrectly assigned to a third tier bunk, from which he fell and broke three ribs. *Id.* at 4, 7. Plaintiff alleges Defendant Ozmint, Director of SCDC at the time, participated in the conspiracy, and he "should have known" that SCDC policies and procedures were not being followed. *Id.* at 5. Based on these allegations, Plaintiff asserts claims of "conspiring to make a conspiracy," and "libel, slander, negligence + defamation," as well as violation of "civil rights" and "constitutional rights," specifically 14th Amendment due process. *Id.* at 3, 4.

The Complaint has several attachments, including prison grievances concerning Plaintiff's fall from the bunk at Allendale Correctional Institution, and court documents from a state court case Plaintiff filed in 2005 concerning the incident at Kirkland Correctional Institution. ECF No. 1-1. Plaintiff includes the state court complaint he filed in 2005, which was filed against the same four defendants he sues in his federal Complaint, and raises the same claims of "libel, slander, negligence, defamation of character," based on the incident of alleged false accusations at Kirkland Correctional Institution. ECF No. 1-1 at 6-12. At the time Plaintiff filed his federal Complaint, the state court case was still pending. State court records indicate the case was dismissed by order granting the defendant's motion for summary judgment on January 24, 2012.[3]

---

3   *See*   Fifth   Judicial   Circuit   Public   Index, http://www4.rcgov.us/publicindex/PISearch.aspx?CourtType=G (Last visited 3/9/2012). This Court may take judicial notice of matters of public record. *See, e.g., Papasan v. Allain*, 478 U.S. 265, 268 n. 1 (1986) ("we are not precluded in our review of the complaint from taking judicial notice of items in the public record"). *See also In Re Katrina Canal Breaches Consolidated Litigation*, 533

3

Discussion

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff names SCDC as a defendant, but SCDC is immune from suit for damages pursuant to 42 U.S.C. § 1983. The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as SCDC, a state agency or department. Similarly, in as much as Plaintiff is suing the other three defendants in their official capacity as a representative of SCDC, they are also immune from suit under the Eleventh Amendment. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 66 (1989) (defendant sued in official capacity is suit against the official's office, so no different from suit against state itself; state official can only be sued in individual capacity under § 1983). The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by

---

F. Supp. 2d 615, 631-33 & nn. 14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records).

Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI; *see Alden v. Maine*, 527 U.S. 706, 728-29(1999); *see also Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens). Under *Pennhurst State Sch. & Hosp.*, a State must expressly consent to suit in a federal district court, which South Carolina has not done. *See* S.C. Code Ann. § 15-78-20(e)(1976)(statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court). Accordingly, Defendant SCDC, and the other Defendants in their official capacity, is immune from suit, and SCDC should be dismissed as a party defendant.

The Complaint sues Jon Ozmint, former Director of SCDC, but contains no factual allegations related to Defendant Ozmint's personal involvement in violating Plaintiff's constitutional rights. Plaintiff alleges "Jon E. Ozmint Director may not been participant, but he should have known this type of activity was going on." ECF No. 1 at 5. Only when an official acted personally in the deprivation of a plaintiff's rights can he be held liable under § 1983. *Belcher v. South Carolina Bd. of Corr.*, 460 F.Supp. 805, 808–809 (D.S.C. 1978), citing *Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir. 1977). "Because vicarious liability is inapplicable to [ ] § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009). Plaintiff's bare assertion that Defendant Ozmint "should have known" is not sufficient to establish liability for an alleged constitutional violation by Ozmint, personally, or as a supervisor. *See Shaw v. Stroud*, 13 F.3d 791,

799 (4th Cir.1994) ("plaintiff must show actual or constructive knowledge of a risk of constitutional injury, deliberate indifference to that risk, and "an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff."). The Complaint fails to state a claim against Defendant Ozmint, and he should be dismissed as a party defendant.

The Complaint's allegations against Defendant Estes also fail to state a claim under § 1983. Plaintiff alleges Defendant Estes, along with Defendant Pendarvis and other individuals, were "conspiring together to make a conspiracy in joint activity with the state or it agents, was a direct violation that violated [Plaintiff's] civil right/constitution rights + constitution protection... 14th Amend. led to the seizure of Plaintiff's physical form by use of force of authority to fully restrained Plaintiff of any liberty in an AIDS SMU Broad River Corr. Inst...." ECF No. 1 at 4. Plaintiff further alleges he "suffered bias and retaliatory treatment" by Defendant Estes "because he was investigator at Manning Corr. Inst. when social evening was approved ... and Inv. L. Estes made many attempts seize plaintiff but never could." *Id.* Plaintiff then claims he "was transferred to Allendale C.I. because Inv. Estes retaliatory treatment + he became a co-conspirator with the other 3." *Id.* Plaintiff's recitation of legal phrases and conclusory statements of conspiring, bias, and retaliation, without supporting factual allegations, is not enough to state a claim under § 1983. Although the Court is bound to liberally construe his *pro se* complaint, Plaintiff must do more than make mere conclusory statements to support his claim. The United States Supreme Court explains the requirement of Rule 8 for pleadings to make a "short plain statement of the claim," as follows:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

6

*Ashcroft v. Iqbal*, 556 U.S. 662, —, 129 S.Ct. 1937, 1949 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). Plaintiff's assertions of conspiracy, bias, and retaliation by Defendant Estes are not supported by factual allegations that allow the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. Plaintiff's conclusory allegations are not sufficient to state a § 1983 claim and Defendant Estes should be dismissed as a party defendant.

Plaintiff names Rosemyron Pendarvis as a defendant, but acknowledges that Defendant Pendarvis died in 2006. Obviously, a deceased person cannot be served and respond to a lawsuit. *See* Fed. R. Civ. P. 4 (personal service on defendant required). If a party dies while a lawsuit is pending, and a claim is not extinguished by the death of the party, the proper party could be substituted under Rule 25. *See Greer v. McGregor*, No. 8:10-2219-HMH-BHH, 2010 WL 4922705 (D.S.C. Nov. 4, 2010). Rule 25 is not applicable in this case, however, because Plaintiff sues a person who was already dead, and not a person who was a proper party and served with process prior to dying. *Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969); *In re Polo Builders*, 374 B.R. 638, 642 (Bkrtcy N.D.Ill. Aug 29, 2007) (collecting cases). When a case is filed naming a deceased person as a defendant, "[a]t that point the purported action was a nullity, for a dead man obviously cannot be named party defendant in an action." *Chorney v. Callahan*, 135 F.Supp. 35, 36 (D.C. Mass. October 19, 1955)(citation omitted). Even if Plaintiff cured this defect in an amended complaint by naming a defendant who could be held liable, the Complaint fails to identify a federal right that has been violated by Defendant Pendarvis, and therefore fails to state a claim under § 1983. Defendant Pendarvis should be dismissed as a party defendant in this case.

In relation to Plaintiff's conspiracy claim, Plaintiff states "§ 2 to prohibit a conspiracy to

7

deprive [Plaintiff] of his equal protection by removing from Kirkland C.I. and placing him in an AIDS SMU dorm where showers had fresh blood on wall then to Allendale C. I. where Plaintiff broke 3 ribs." *Id.* at 5, 7. If attempting to state a claim under 42 U.S.C. § 1985(3) for conspiracy to deprive Plaintiff of the equal protection of the law, Plaintiff has not alleged that the Defendants were motivated by a class-based discriminatory hostility. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)(Title 42 U.S.C. § 1985(3) requires class-based, invidiously discriminatory animus behind the conspirators' action."); *United Brotherhood of Carpenters v. Scott*, 463 U.S. 825 (1983)(case does not present the kind of animus that § 1985(3) requires). *See also Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995) 47 F.3d at 1377 (noting that the Fourth Circuit has "specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner"). The Complaint fails to state a claim under 42 U.S.C. § 1985.

The Complaint also alleges claims under state law, specifically libel, slander, negligence, defamation, and possibly violation of SCDC policy and procedures. ECF No. 1 at 3. A claim under § 1983 for violation of a federal right may not be "based alone on a violation of state law or on a state tort." *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988). Plaintiff's state law claims could be heard by this Court through the exercise of "supplemental jurisdiction," which allows federal courts to hear and decide state law claims along with federal law claims. 28 U.S.C. § 1367(a); *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 164-65 (1997) (federal courts' original jurisdiction under federal question includes jurisdiction over state law claims that "derive from a common nucleus of operative fact," such that "the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'"). However, federal courts are permitted to decline supplemental jurisdiction

8

if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Plaintiff's claims against these Defendants brought pursuant to 42 U.S.C. § 1983 should be dismissed, so it is recommended that the court abstain from considering Plaintiff's state law claims under supplemental jurisdiction.

This Court may also consider state law claims under diversity jurisdiction, which requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). The Complaint does not state these necessary grounds for diversity jurisdiction. *See* Rule 8(a)(1)(a pleading must contain a "statement of the grounds for the court's jurisdiction"). Plaintiff's domicile is unknown, other than he was incarcerated in South Carolina prior to his current imprisonment in Georgia. Incarceration does not change a prisoner's domicile for purposes of the diversity statute. *See Polakoff v. Henderson*, 370 F. Supp. 690, 693 (N.D.Ga. 1973) ("A prisoner does not acquire a new domicile in the place of incarceration, but retains the domicile he had prior to incarceration."), *aff'd*, 488 F.2d 977 (5th Cir. 1974); and *Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977) (*per curiam*) ("With respect to the domicile of prisoners, the traditional rule is that a prisoner does not acquire a new domicile when he is incarcerated in a different state; instead he retains the domicile he had prior to his incarceration.").

Even if Plaintiff could establish diversity jurisdiction, his state law claims have been adjudicated in a state court case. Plaintiff filed a lawsuit in state court in 2005 against the same four defendants that he sues in this case. ECF No. 1 at 1. The state court complaint is attached to Plaintiff's federal Complaint, and includes the exact same state law claims of "libel, slander, negligence, [and] defamation of character" apparently based on the same incident at Kirkland Correctional Institution. ECF No. 1-1. At the time he filed his federal Complaint, Plaintiff's state

9

case was still pending, but has since been dismissed.[4] Even if Plaintiff could establish diversity jurisdiction, his state law claims could not be considered by this court.

To the extent Plaintiff alleges a conspiracy to manufacture charges against policy in order to have him moved to another facility, the allegations fail. A prisoner has no due process right to be housed in any particular facility and no liberty interest is created in custodial classifications. *Meachum v. Fano*, 427 U.S. 215, 225 (1976).[5]

Recommendation

Accordingly, it is recommended that the District Judge dismiss the Complaint *without prejudice* and without issuance and service of process. 28 U.S.C. § 1915A (as soon as possible after docketing district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the notice on the following page.**

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 8, 2012
Florence, South Carolina

---

[4] Plaintiff's state law claims appear to be subject to the doctrine of *res judicata*. The doctrine of *res judicata* includes claim preclusion and issue preclusion, or collateral estoppel. Claim preclusion provides that "if the later litigation arises from the same cause of action as the first, then the judgment bars litigation not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." *In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1315 (4th Cir.1996)(quoting *Nevada v. United States*, 463 U.S. 110, 129-30 (1983)).

[5] Any allegations of a conspiracy with regard to having him transferred to a different facility fails. "To establish a civil conspiracy under § 1983, [the plaintiff] must present evidence that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [his] deprivation of a constitutional right." *Marshall v. Odom*, 156 F.Supp. 2d 525, 532 (D. MD. 2001), *citing Hinkle v. City of Clarksburg, W.Va., 81 F.3d 416, 421 (4th Cir.1996)*. As stated above, a prisoner has no due process right to be housed in any particular facility. *Meachum v. Fano*, 427 U.S. 215, 223-24 (1976).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).